638 F.Supp. 116 (1986)
IDENT CORPORATION OF AMERICA, Plaintiff,
v.
Robert H. WENDT, et al., Defendants.
No. 86-888C(1).
United States District Court, E.D. Missouri, E.D.
June 3, 1986.
*117 Alene V. Haskell, Husch, Eppenberger, Donohue, Elson & Cornfeld, St. Louis, Mo., for plaintiff.
David L. Campbell, Campbell & Campbell, Richard G. Heywood, St. Louis, Mo., for defendants.

ORDER AND MEMORANDUM
NANGLE, Chief Judge.
IT IS HEREBY ORDERED that plaintiff's motion to remand this case to state court be and is granted.
IT IS FURTHER ORDERED that this case be and is remanded to the Circuit Court of the County of St. Louis, State of Missouri.
Plaintiff filed this action in state court on April 7, 1986, alleging inter alia conversion of trade secrets (Count I) and breach of fiduciary duty (Count II). On April 8, 1986, the court entered a Temporary Restraining Order (TRO). On April 16, 1986, the TRO was extended through April 28, 1986. On April 29, 1986, during a recess from the hearing on a preliminary injunction, defendants filed a counterclaim and a notice of removal. Defendants, in their petition, state that removal is proper based on their counterclaim, which on its face pleads causes of action under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq., the Sherman Anti-Trust Act, 15 U.S.C. §§ 1 and 2, and the Clayton Act, 15 U.S.C. § 15. In response to plaintiff's motion to remand, defendants also seek to assert that removal is proper because plaintiff's complaint is really an action under the Lanham Act, 15 U.S.C. § 1125, RICO and the antitrust laws. The Court finds defendants' arguments wholly without merit and directs that this case be remanded to state court.
In Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27, 103 S.Ct. 2841, 2855, 77 L.Ed.2d 420 (1983), the Supreme Court reaffirmed the time-honored principles of federal-court jurisdiction.
Under our interpretations, Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates a cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.
Application of the well-pleaded complaint rule in this case, dictates a finding that removal jurisdiction cannot be based on defendants' counterclaims under the RICO and anti-trust statutes. Rath Packing Co. v. Becker, 530 F.2d 1295, 1303 (9th Cir. 1975), aff'd on other grounds sub nom., Jones v. Rath Packing Co., 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977). See also Takeda v. Northwestern National Life Insurance Co., 765 F.2d 815, 822 (9th Cir.1985); C. Wright, A. Miller & C. Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3722.
The Court is also unpersuaded by defendants' arguments that plaintiff's claims are really federal causes of action.[1] It is well settled that "an independent corollary of the well-pleaded complaint rule is that a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." Franchise Tax Board, 463 U.S. at 22, 103 S.Ct. at 2853 *118 (case cite omitted). In the case at bar, defendants do not attack the validity or substance of plaintiff's state causes of action. Instead, defendants argue that the actions alleging conversion of trade secrets and breach of fiduciary duty are really federal anti-trust, RICO and Lanham Act claims because of the possible anti-competitive effects of the injunctive relief requested by plaintiff as a remedy. The Court finds defendants' argument ludicrous. Accordingly, having found no basis for federal court jurisdiction, the Court must grant the plaintiff's motion to remand this case to state court.
In addition, the Court cannot ignore the circumstances surrounding the filing of this removal petition. On April 28, 1986, a hearing was commenced before Judge Wiesman on plaintiff's request for a preliminary injunction. After some three hours of testimony and documentary evidence, court was adjourned until 1:30 p.m. the following day. After appearing 15 minutes late, defendants' counsel informed the court and plaintiff that a counterclaim and removal petition had been filed. The petition for removal stated that the grounds were based on defendants' federal cause of action in its counterclaims. After apparently researching the law, defendants discarded the counterclaim argument and attempt to establish federal court jurisdiction on the basis of a recharacterization of plaintiff's state law claims. The Court finds defendants' arguments meritless and their conduct deserving of sanctions. It is obvious that defendants sought only to delay the administration of justice by disrupting the state court proceedings already in progress. Rule 11 provides, in pertinent part:
The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. (emphasis added).
Accordingly,
IT IS FURTHER ORDERED that plaintiff's motion for sanctions be and is granted.
IT IS FURTHER ORDERED that defendants shall pay plaintiff's expenses and attorney's fees incurred as a result of the filing of the notice of removal.[2] Plaintiff is directed to file, within ten (10) days of the date of this order, a petition of its expenses and attorney's fees. Defendants shall be granted five (5) days from the date of plaintiff's compliance to file a memorandum in opposition to plaintiff's petition. Thereafter, the Court will take the matter under submission for action as it deems proper.
On account of the Court's decision to remand, it expresses no opinion on defendants' motion for joinder and motion to quash the temporary restraining order.
NOTES
[1] Plaintiff, in a supplemental memorandum in support of its motion to remand, argues that defendants' attempt to recharacterize plaintiff's petition as a federal cause of action is untimely. The Court agrees. Defendants were served with plaintiff's petition on April 8, 1986. The removal petition was filed on April 29, 1986, within the thirty day requirement of 28 U.S.C. § 1446(b). Defendants first raised the recharacterization argument in their memorandum filed May 23, 1986. Accordingly, defendants' attempt to assert different grounds for removal is untimely. See C. Wright, A. Miller & C. Cooper, Federal Practice and Procedure: Jurisdiction 2d § 3733 at 537-38. The Court will, however, examine the merits of defendants' argument because of the motion for sanctions filed by plaintiff in this case.
[2] Costs are, of course, recoverable at the discretion of the district court if "it appears that the case was removed improvidently". 28 U.S.C. § 1447(c).