COBB COUNTY, Plaintiff,

v.

Judy H. BUTLER, d/b/a
Studio, Defendant.

COBB COUNTY, Plaintiff,

v.

William HARRIS, Defendant.

COBB COUNTY, Plaintiff,

v.

Mansaur BANILOHI, d/b/a Persian
Oriental Rug, Defendant.

COBB COUNTY, Plaintiff,

v.

Baba ONABANJO, d/b/a Taju Invest &
Ritz Cleaners, Defendant.

COBB COUNTY, Plaintiff,

v.

Sara & Jack STEPHENS, d/b/a
Saraja's, Defendants.

Nos. 1:87–CV–1838–RHH to
1:87–CV–1842–RHH.

United States District Court,
N.D. Georgia,
Atlanta Division.

March 23, 1988.

Garvis Leon Sams, Jr., Sams Glover & Gentry, Marietta, Ga., for plaintiff.

Roy E. Barnes, Barnes Browning Tanksley & Casurella, Marietta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

These actions are currently before the court on plaintiff's motion for an award of attorney's fees. By order dated October 8, 1987 this court granted plaintiff's motion to remand these cases to the Superior Court of Cobb County, Georgia. The court found that defendants had improperly removed the actions to this court and that this court lacked original jurisdiction over the suits because plaintiff's claims did not arise under federal law.

In its October 8 order the court noted that plaintiff's claims are grounded on municipal rather than federal law. The court quoted the Supreme Court's statement that "since 1887 it has been *settled law* that a case may not be removed to federal court on the basis of a federal defense ... even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit the defense is the only question truly at issue in the case." *Franchise Tax Board of California v. Laborers Vacation Trust for Southern California,* 463 U.S. 1, 14, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983). (emphasis added). This court also considered and dismissed defendants' argument that plaintiff had attempted to bury or circumvent the constitutional implications of the case by artfully pleading the allegations in its complaints. The court found that "plaintiff's only ground for relief is municipal law and federal law is only relevant with regard to defendants' defenses and counterclaim." Order at 6–7.

■ Because this court granted plaintiff's motion to remand the actions, plaintiff now moves for an award of its attorney's fees incurred as a result of defendants' removal of the actions to this court. Plaintiff argues that it is entitled to its attorney's fees pursuant to 42 U.S.C.

§ 1988, 28 U.S.C. § 1927 and Rule 11 of the Federal Rules of Civil Procedure. Plaintiff is clearly not entitled to attorney's fees under 42 U.S.C. § 1988 because, as this court found, plaintiff's actions arise under state law rather than federal law and § 1988 only allows an award of fees to a prevailing party in a *federal* civil rights action.

■ The court also believes plaintiff is not entitled to fees under 28 U.S.C. § 1927. That provision allows an award of attorney's fees against an attorney who unreasonably and vexatiously multiplies the proceedings in a case. To be held liable under 28 U.S.C. § 1927, an attorney must be found to have acted recklessly or in bad faith. *United States v. Associated Convalescent Enterprises Inc.,* 766 F.2d 1342, 1346 (9th Cir.1985). In the instant case, although defendants' counsel erroneously removed the action to federal court, there is no evidence that the attorneys acted recklessly or in bad faith.[1]

■ Rule 11, unlike § 1927, does not require a showing of bad faith in order for the court to order defendants and/or their attorneys to pay plaintiff's attorney's fees. The Rule was amended in 1983 to require an attorney or party who signs a pleading, motion or other paper to perform "some prefiling inquiry into both the facts and the law to satisfy the affirmative duty imposed under the rule." Notes of Advisory Committee on the 1983 Amendment. The Advisory Committee notes specify that "the reference in the former text to wilfullness as a prerequisite to disciplinary action has been deleted." *Id.* The Rule as amended in 1983 provides in pertinent part:

The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best

---

1. In response to plaintiff's motion for attorney's fees defendants argue that plaintiff should not be entitled to fees under any statute or rule because of the lack of evidence of bad faith on the part of their attorneys. Defendants cite cases in which the courts disallowed attorney's fees to plaintiffs who successfully challenged removal petitions and obtained remand. In those cases, however, unlike here, the court considered only whether to award attorney's fees pursuant to 28 U.S.C. § 1446(d) which provides that a defendant must pay a plaintiff costs incurred by the latter in responding to a removal petition where the case was improperly removed. The courts found that a prerequisite to awarding costs under 28 U.S.C. § 1446(d) is bad faith on the part of the defendants in seeking the removal.

of the signer's knowledge, information, and belief *formed after reasonable inquiry* it is well grounded in fact and is warranted by existing law ... and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court ... *shall* impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party ... a reasonable attorney's fee. (emphasis added).

In the instant action, defendants' counsel filed and signed a removal petition which was not well grounded in fact or warranted by law. If defendants' attorneys had conducted the prefiling inquiry required by Rule 11, they would have arrived at the conclusion of this court in its October 8 order that since 1887, and certainly in view of *Franchise Tax Board*, federal courts have not had original jurisdiction over actions such as this one. Although defendants argued that plaintiff's complaint was "artfully pleaded" in order to bury or circumvent the alleged constitutional implications of the case, plaintiff's cause of action stems from municipal law and any constitutional implications arise only pursuant to defendants' defenses. By groundlessly removing the action to this court defendants caused unnecessary delay in the progress of the action in state court.

For these reasons the court imposes sanctions on defendants and their counsel pursuant to Rule 11, Fed.R.Civ.P., and directs them to pay plaintiff its attorney's fees incurred in addressing the removal petition and bringing a motion to remand the action. The court will not award plaintiff its attorney's fees incurred for filing the motion for attorney's fees or for matters extraneous to the removal petition and motion for remand. Defendants and their counsel are DIRECTED to pay to plaintiff $1,312.50.