STATE OF CONNECTICUT, et al.

v.

INSURANCE COMPANY OF AMERICA, et al.

Civ. No. H–87–441 (PCD).

United States District Court, D. Connecticut.

Aug. 5, 1988.

---

## RULING ON MOTION FOR SANCTIONS

DORSEY, District Judge.

*Facts and Procedural History*

On May 4, 1987, plaintiffs filed this action in state court alleging that defendants were conducting business in Connecticut without a license issued by the Insurance Commission in violation of Conn.Gen.Stat. §§ 38–20 and 38–264 and without a certification of authority to transact such business in violation of Conn.Gen.Stat. § 33–396(a). On June 2, 1987, plaintiffs amended the complaint alleging that defendants were transacting insurance business in violation of Conn.Gen.Stat. § 38–70.

On June 12, 1987, defendants removed the case to this court claiming jurisdiction under 28 U.S.C. § 1331. Plaintiffs moved to remand the action on June 24, 1987. On July 1, 1987, defendants moved to amend the petition in an attempt to cure the deficiencies of timeliness and completeness.

Plaintiffs' motion to remand was granted on the basis that (1) defendants' petition for removal was not within the thirty-day limit of 28 U.S.C. § 1446(b); (2) the amended complaint did not substantially change the character of the action sufficiently to establish a new deadline under § 1446(b); and (3) the complaint did not allege a federal question so as to make the case removable. Upon remand, the parties agreed to stay the litigation pending resolution of a parallel action in the District of Delaware.

On June 13, 1988, plaintiffs moved for sanctions, Fed.R.Civ.P. 11; Local Rule 31, for defendants' initial groundless removal, for their equally groundless attempt to cure the untimely removal by an amended complaint, and for their frivolous opposition to plaintiffs' motion to remand.

*Discussion*

Rule 11, Fed.R.Civ.P., as amended in 1983, provides in relevant part that:

[t]he signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion or other paper; that to the best of the signer's knowledge, information

William J. Prensky, Asst. Atty. Gen., Hartford, Conn., for plaintiffs.

Eliot B. Gersten, Gersten & Clifford, Hartford, Conn., for defendants.

and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in cost of litigation.... If a pleading, motion or other papers is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction....

The present form of Rule 11 was a response to "[w]idespread concern over [the] frivolous litigation and abusive practices" that had come to characterize the legal practice. Schwarzer, *Sanctions Under the New Federal Rule 11—A Closer Look*, 104 F.R.D. 181 (1985). *See also* Notes on Advisory Committee on Rules, Fed.R.Civ.P. 11. Previously, Rule 11 authorized sanctions if there were a subjective finding of bad faith. *Nemeroff v. Abelson*, 620 F.2d 339, 350 (2d Cir.1980). Now

a showing of subjective bad faith is no longer required to trigger the sanctions imposed by the rule. Rather, sanctions shall be imposed against an attorney and/or his client when it appears that a pleading [or motion] has been interposed for any improper purpose, *or where*, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading [or motion] is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.

*Eastway Const. Corp. v. City of New York*, 762 F.2d 243, 253–54 (2d Cir.1985) (citations omitted) (emphasis added). *See also Oliveri v. Thompson*, 803 F.2d 1265 (2d Cir.1986), *cert. denied*, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987).

█ Thus, an attorney has two obligations under Rule 11: (1) to ensure that pleadings or motions are well supported by both facts and law; and (2) to refrain from pleading or moving for an improper purpose. If either of these obligations are not met, sanctions shall be imposed. *McLaughlin v. Western Cas. & Sur. Co.*, 603 F.Supp. 978, 981–82 (S.D.Ala.1985). However, Rule 11 is not intended "to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law.... Courts must strive to avoid the wisdom of hindsight in determining" whether a motion violates Rule 11. *Eastway*, 762 F.2d at 254. The focus of a Rule 11 inquiry should be on whether the pleading or motion presents a good faith argument; whether or not the signer ultimately prevails is not determinative. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 832 (9th Cir.1986). Doubt should be resolved in favor of the signer. *Id.*

█ Defendants, relying primarily on *Johnson Chem. Co. v. Home Care Prod., Inc.*, 823 F.2d 28 (2d Cir.1987), argue that this court has no jurisdiction to impose sanctions. There, the district court's award of sanctions was vacated because plaintiff had voluntarily dismissed his action under Fed.R.Civ.P. 41(a)(1)(i) and thereafter the court was without jurisdiction to award sanctions. *Id.* at 31, citing *Santiago v. Victim Serv. Agency of Metropolitan Assistance Corp.*, 753 F.2d 219, 221, 222–23 (2d Cir.1985). *Johnson Chem. Co.*, however, has not received universal acceptance. While most courts have generally agreed with the *Santiago* reasoning regarding Rule 41(a)(1)(i) and thus would not, for instance, award attorney fees pursuant to 42 U.S.C. § 1988 after a case had been voluntarily dismissed, they nevertheless have not held that Rule 41(a)(1)(i) thereby deprives them of the authority to award sanctions.[1] *Muthig v. Brant Point Nantucket, Inc.*, 838 F.2d 600, 603–04 (1st Cir.1988); *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077–79 (7th Cir.1987), *cert. dismissed*, — U.S. —, 108 S.Ct. 1101, 99 L.Ed.2d 229 (1988); *accord Kurkowski v. Volcker*, 819 F.2d 201 (8th Cir.1987); *Orange Prod. Credit Ass'n v. Frontline Ventures, Ltd.*, 792 F.2d 797, 801 (9th Cir.1986). *Muthig* and its progeny

---

1. This court is obviously bound by *Johnson Chem. Co.*

are based on the concept that, while a court may conclude its jurisdiction over the subject matter of a case, it always has jurisdiction to punish parties who abuse its process. *Muthig,* 838 F.2d at 603, citing *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). Also, those courts read Rule 11 to require sanctions if an abuse has occurred and no Rule 41 limitation is implied. *See generally* G. Vairo, *Rule 11: A critical Analysis,* 118 F.R.D. 189, 211–12 (1988).[2]

While *Johnson Chem. Co.* might be relevant to the question of the timeliness of plaintiffs' motion, *see infra,* it is distinguishable from the jurisdictional question involved in this case. *Johnson Chem. Co.* pertained to the particular jurisdictional effect of Rule 41(a)(1)(i) and held that a voluntary dismissal suspends the court's jurisdiction over the matter. Rule 41(a)(1)(i), however, is not involved in this case. Once defendants signed the petition for removal, they subjected themselves to Rule 11. *Stiefvater Real Estate, Inc. v. Hinsdale,* 812 F.2d 805, 809 (2d Cir.1987); *see also Meadow Limited Partnership v. Meadow Farm Partnership,* 816 F.2d 970 (4th Cir.1987); *Kirby v. Allegheny Beverage Corp.,* 811 F.2d 253 (4th Cir.1987); *Davis v. Velsan Enterprises,* 765 F.2d 494 (5th Cir.1985); *Cobb County v. Butler,* 682 F.Supp. 50 (N.D.Ga.1988); *Ident Corp. of America v. Wendt,* 638 F.Supp. 116 (E.D.Mo.1986).

■ Though this court has jurisdiction over the matter, jurisdiction is declined because plaintiffs' motion is untimely. The Advisory Committee Notes state that

[a] party seeking sanctions should give notice to the court and the offending party promptly upon discovering a basis for doing so. The time when sanctions are to be imposed rests in the discretion of the trial judge. However, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of litigation, and in the case of motions at the

time when the motion is decided or shortly thereafter.

The same sentiments were recently expressed by the Third Circuit Court of Appeals in *Mary Ann Pensiero, Inc. v. Lingle,* 847 F.2d 90 (3d Cir.1988), which adopted a supervisory rule that all Rule 11 motions be filed before the entry of final judgment. Such a rule was deemed necessary (1) to prevent the confusion and inefficiency that would result if both the district court and the appellate court (and presumably the state court in the event of a remand) were adjudicating issues in the case simultaneously; (2) to allow the court to rule on the matter while it was familiar with the underlying facts; and (3) to deter further violations of the rule that might otherwise occur during the remainder of the litigation. *Id.* at 99–100. *See also Stevens v. Lawyers Mut. Liability Ins. Co. of North Carolina,* 789 F.2d 1056 (4th Cir. 1986) (sanctions motion filed eight months after allegedly offending act and four months after hearing was untimely); *Duane Smelser Roofing Co. v. Armm Consultants, Inc.,* 609 F.Supp. 823 (D.Mich.1985) (sanctions motion brought twenty-six months after appeal was decided was untimely); Schwarzer, *Sanctions Under the New Federal Rule 11,* 108 F.R.D. 181, 197–98 (1985) ("To avoid the risk, or the appearance of relying on hindsight, the decision on sanctions is best made as promptly as possible after the violation is disclosed.... [P]rompt action helps enhance the credibility of the rule and, by deterring future abuse, achieve its therapeutic purpose.").

Plaintiffs' motion for sanctions was filed a year after removal and almost eight months after the case was remanded. They have offered no reason for their unreasonable delay. Their motion is, therefore, denied. Even if sanctions were warranted, little would be served by imposing them on defendants eight months after the court remanded the action. Furthermore, sanctions at this late date would constitute

---

**2.** Vairo prefers the approach taken by the Second Circuit Court of Appeals because to hold otherwise would discourage the use of Rule 41(a)(1)(i) as a means of properly discontinuing

an action and would, in fact, force the parties to litigate the merits of a case in order to obtain Rule 11 sanctions.

an unwarranted interference with the proceeding currently pending in the superior court of this state and the district court of Delaware.

Accordingly, plaintiff's motion is denied because it was not filed reasonably promptly after the case was remanded.[3] While the court will not adopt a hard and steadfast rule analogous to that adopted in *Lingle*, it is noted that such a rule would be consistent with the dictates of Rule 11 and would be a helpful addition to this developing area of law.

SO ORDERED.

---

**3.** In view of this holding, the substantive merit of plaintiffs' motion need not be reached.