**William B. KAPLAN and KBK Associates, Inc., Plaintiffs,**

v.

**Sheldon G. KARRAS, Stephen A. Barth and Merrill Zenner, Defendants.**

No. 86 C 9160.

United States District Court, N.D. Illinois, E.D.

May 7, 1990.

Barry T. McNamara, Nancy G. Abrahams, Ted R. Jadwin, and Selwyn Zun, D'Ancona & Pflaum, Chicago, Ill., for plaintiffs.

William I. Goldberg, John L. Hines, Jr., Holleb & Coff, and Nicholas J. Etten, and Carmen D. Caruso, Foran Wiss & Schultz, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

HOLDERMAN, District Judge:

This court faces the issue of how long is too long for a party to delay before filing a motion for sanctions pursuant to Federal Rule of Civil Procedure 11.

On November 25, 1986 plaintiffs William B. Kaplan and KBK Associations, Inc. filed their original complaint in this action against defendants Sheldon Karras and Stephen Barth. Plaintiffs' complaint alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), common law fraud, breach of fiduciary duty, tortious interference with contract, and violations of the Illinois Business Corporation Act.

On April 22, 1987 plaintiffs amended their complaint to add Merrill Zenner as a defendant to the complaint's RICO count. Mr. Zenner moved to dismiss the RICO count against him. In a memorandum opinion and order dated May 16, 1988 this court granted Mr. Zenner's motion to dismiss, ruling that the facts alleged in the amended complaint did not support the RICO claim against him. *See* Opinion at 22–23. This court's dismissal of the RICO claim against Mr. Zenner removed him from this lawsuit. Plaintiffs sought leave neither to have the court reconsider this dismissal of Mr. Zenner nor to amend their claims against him.

Instead, plaintiffs pursued this litigation against the remaining two defendants. After over three years of litigation, on January 31, 1990, within a week of the February 5, 1990 trial date, plaintiffs entered into a letter agreement with the two remaining defendants to settle this dispute. At the time of Mr. Zenner's motion a settlement agreement was in final form, waiting to be signed. (Plaintiffs' Response Mem. in Opposition to Mr. Zenner's Request for Sanctions at 3.)

■ Over a month after that and from out of the blue Mr. Zenner reappears in this lawsuit seeking sanctions from plaintiffs for allegedly frivolously including him in this lawsuit almost three years ago. Neither this court, nor apparently the parties, had heard a peep from Mr. Zenner for nearly two years after he was dismissed from this action. Fearing that Mr. Zenner had filed his motion for sanctions too late, this court asked the parties to brief the issue. After considering those briefs the court concludes that Mr. Zenner's motion for sanctions indeed is untimely.

Although Rule 11 contains no explicit time limit for bringing sanctions motions, the Advisory Committee Notes state: "A party seeking sanctions should give notice

to the court and the offending party *promptly* upon discovering a basis for doing so." Fed.R.Civ.P. 11 advisory committee's note (emphasis added).

Seeking to squeeze a two to three year delay into the meaning of the word "promptly", Mr. Zenner appeals to Local Rule 46, which requires that petitions for attorney's fees be filed within ninety days of the entry of "final judgment." Mr. Zenner insists that because he brought his motion for sanctions before entry of a final judgment in this case it is timely. (Reply at 3.)

In support of his argument Mr. Zenner cites *Lind–Waldock & Co. v. Caan*, 121 F.R.D. 337 (N.D.Ill.1988). The *Lind–Waldock* court noted that although Rule 46 covers motions for an award of fees pursuant to a substantive statute for the benefit of prevailing parties (such as 42 U.S.C. § 1988), it is not clear that it covers motions for sanctions measured by the shifting of attorneys' fees (such as Rule 11). 121 F.R.D. at 339. Nonetheless, the court held that a party filing a motion for Rule 11 sanctions within the ninety-day timetable of Local Rule 46 was timely.

Nothing in Rule 46 or in *Lind–Waldock*, however, address the timing of sanctions motions made by parties dismissed from a lawsuit long before conclusion of the suit. Indeed, in *Lind–Waldock* the parties filed their motion for Rule 11 sanctions within ninety days of winning their motion for summary judgment, which concluded the lawsuit. By contrast, Mr. Zenner filed his motion for sanctions almost two years after winning his motion to dismiss, and the lawsuit continued. Although there has yet to be a final judgment in this case, nothing in Local Rule 46 or *Lind–Waldock* allows a party to wait until ninety days after a final judgment to bring a motion for Rule 11 sanctions which was precipitated by conduct occurring years earlier.

■ Therefore, this court believes that under Rule 11 a party must file a motion for sanctions within a reasonable time after the party knows or should have known of the basis for his or her sanctions motion.* Allowing parties like Mr. Zenner to bring motions for sanctions years (or even decades) after sanctionable conduct, depending upon when a final judgment is entered, not only would prevent a district court from ruling on a sanctions motion while the court was familiar with the underlying facts, it also would dilute the power of Rule 11 to deter further violations that might otherwise occur during the remainder of a particular litigation.

Mr. Zenner's delay in filing his motion for sanctions was unreasonable. Mr. Zenner may have known that plaintiffs' RICO count against him was frivolous when plaintiffs filed their amended complaint nearly three years ago. Mr. Zenner certainly knew or should have known of the basis of his sanctions claim when this court dismissed the RICO count against him almost two years ago.

## CONCLUSION

Because Mr. Zenner's unjustified two year delay in filing his motion for sanctions is unreasonable, Mr. Zenner's motion for sanctions is DENIED.

---

* Cf. *In re Central Ice Cream Company*, No. 85 C 10073, 1986 WL 13635 (N.D.Ill. filed Nov. 21, 1986) (LEXIS, Genfed library, 7th file). ("The appropriate time to raise [a motion for sanctions] would have been within a reasonable time after the entry of [the motion to dismiss at issue]"; a three and one-half month delay was unreasonable; similarly, sanctions motion for bad faith substitution of parties filed two months after denial of a motion to reconsider a ruling allowing substitution was untimely) *aff'd on narrower grounds*, 836 F.2d 1068 (7th Cir. 1987); *Stevens v. Lawyers Mut. Liab. Ins. Co. of*
N.C., 789 F.2d 1056, 1061 (4th Cir.1986) (sanctions motion filed more than eight months after allegedly offending act and four months after a hearing on the act was untimely); *State of Conn. v. Insurance Co. of America*, 121 F.R.D. 159, 162 (D.Conn.1988) (sanctions motion filed one year after removal and almost eight months after remand was untimely); *Duane Smelser Roofing Co. v. Armm Consultants, Inc.*, 609 F.Supp. 823 (D.C.Mich.1985) (sanctions motion filed almost two years after judgment and two months after affirmance by the court of appeals was untimely).