COMMERCIAL SALES
NETWORK, Plaintiff,

v.

SADLER–CISAR, INC., et al.,
Defendants.

No. 5:90 CV 1549.

United States District Court,
N.D. Ohio, E.D.

Jan. 2, 1991.

Scott H. Ruport, Akron, Ohio, for plaintiff.

Sylvia A. Petrovsky, Ray L. Weber, Renner, Kenner, Greive, Bobak, Taylor & Weber, Akron, Ohio, for defendants.

## ORDER

BATTISTI, District Judge.

Before the court is Plaintiff Commercial Sales Network's ("CSN") motion to remand the instant case to the Summit County Court of Common Pleas and to order Defendants' to pay Plaintiff's costs and attorney's fees. For the reasons stated herein, the motion to remand is GRANTED, and the motion for costs and fees is DENIED.

## I. STATEMENT OF FACTS

This case arises out of a licensing agreement between CSN and Defendant Sadler–Cisar, Inc. ("SCI"), entered into on August 11, 1989 (the "Agreement"). The Agreement provided that SCI would use CSN "as the exclusive sales force and production agency to sell and produce medi* dot and all related products."

---

1. The Defendants subsequently filed suit in this court on September 6, 1990 requesting an accounting and charging CSN, among others, with patent infringement, patent mismarking, copyright infringement, trademark and trade dress

Medi* dot is described in Defendants' Notice of Removal as an "Event Reminder Device." Essentially, medi* dot is an adhesive label with scratch-off dots. The product's user is supposed to affix the label to a medication container and scratch off a dot each time the medication is taken. Medi* dot is meant to aid people in remembering whether they've taken their medication, and is the subject of U.S. Patent No. 4,830,407 (the "Medi* dot patent").

On August 21, 1990, CSN filed suit in the Summit County Court of Common Pleas (Case No. CV–90–08–2832), alleging that SCI had breached the Agreement. CSN claimed that SCI attempted to rescind the Agreement on or about July 12, 1990, and subsequently, had "contacted manufacturers, sales representatives and other existing active accounts ... through [Defendant] Medi–Dot, Inc." *See* Plaintiff's Complaint, at ¶ 5. Medi–Dot, Inc. is a corporation which has allegedly been granted a superseding exclusive license to market and sell medi* dot.

CSN seeks compensatory damages for the breach, an injunction preventing SCI from initiating any further contact with any accounts related to medi* dot, and a declaratory judgement setting forth the rights and other legal relations of the parties under the Agreement.

On August 30, 1990, the Defendants removed the case to this court pursuant to 28 U.S.C. § 1441. Despite noting that "[o]n its face, Plaintiff's complaint does not refer to patent, trademark and copyright infringement matters," the Defendants allege that the "obvious underlying meaning of Plaintiff's pleadings and discovery requests" were intimately related to patent, copyright and trademark claims that the Defendants plan to raise in federal court.[1] Defendants concluded by stating that the instant controversy falls within the original and exclusive jurisdiction of this court be-

infringement, false designation of origin, unfair competition, breach of agency agreement, and conversion. *See Sadler–Cisar, Inc. v. Commercial Sales Network, Inc.* (Case No. 90 CV 1582).

cause it involves "issues of patent and trademark infringement."

The motion to remand currently before the court was filed on September 27, 1990, and the Defendants responded on October 9, 1990. The arguments presented by both the Plaintiff and the Defendants in their briefs were exceedingly thin in substance, and inexplicably missed the major issues implicated by the motion to remand. A federal district court, however, is explicitly authorized to remand a case on its own initiative when it determines that subject matter jurisdiction is lacking. 28 U.S.C. § 1447(c).

## II. DISCUSSION

### A. SUBJECT MATTER JURISDICTION

■ Section 1441(a) of Title 28, United States Code, provides for the removal from state court of civil actions of which federal district courts have original jurisdiction. Although the Defendants have failed to identify the proper source of jurisdiction in their notice of removal, it is clear that they rely upon 28 U.S.C. § 1338(a), which provides:

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trade-marks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

In the instant case, the Defendants bear the burden of establishing that Plaintiff's claims "arise under" the federal patent, copyright and trademark laws. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *see also* 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3721, at 209–10 (2d ed. 1985). Section 1441 must at all times be strictly construed out of regard for the "rightful independence" of state courts. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941).

The Supreme Court of the United States considered the scope of § 1338 in *Chris-*

*tianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988). In *Christianson*, the Court held that § 1338 jurisdiction extends "only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Id.* at 809, 108 S.Ct. at 2173.

■ It is clear in this case, as it was in *Christianson*, that federal patent law does not create Plaintiff's cause of action. Plaintiff's claims arise out of state contract law in that they explicitly assert allegations of breach and seek declarations of the present status of the Agreement and the relationship of the parties thereunder. Accordingly, it must be determined whether patent law is a necessary element of one of the Plaintiff's well-pleaded contract claims.

The *Christianson* Court notes that the fact that "a claim makes no reference to federal patent law does not necessarily mean the claim does not 'arise under' patent law." *Id.* at 809 n. 3, 108 S.Ct. at 2174 n. 3. On the other hand, "a case raising a federal patent-law defense does not, for that reason alone, 'arise under' patent law, 'even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.' " *Id.* at 809, 108 S.Ct. at 2174 (quoting *Franchise Tax Board of California v. Construction Laborers Vacation Trust*, 463 U.S. 1, 14, 103 S.Ct. 2841, 2848, 77 L.Ed.2d 420 (1983)).

The Defendants claim that "this controversy embodies ... issues of patent and trademark infringement...." *See* Defendants' Notice of Removal, at 4. The Defendants, however, "have failed to appreciate the distinction between a patent *claim* which arises under federal statutes relating to patents and which requires the court to interpret the validity and scope of a particular patent within section 1338, and a contract claim in which patent *issues* are

merely incidentally implicated." *Boggild v. Kenner Products, Division of CPG Products Corp.,* 853 F.2d 465, 468 (6th Cir. 1988). The Sixth Circuit noted, in applying *Christianson,* that it has been "consistently held for over 130 years that contract disputes involving patents do not arise 'under any Act of Congress relating to patents' as required by 28 U.S.C. § 1338(a)." *Id.* at 468 (citation omitted). The court further stated that "[t]he general rule is that where an action is brought to enforce ... a contract, the action arises out of the contract, and not under the patent laws, even though the contract concerns a patent right." *Id.* (citation omitted).

The Supreme Court has noted that the well-pleaded complaint rule "makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (footnote omitted). Plaintiffs claims in the instant matter are firmly grounded in state contract law. The fact that a general declaration of the parties' rights under the contract may implicate patent issues does not change the nature of the claims, nor does it deprive the state court of jurisdiction. Quite simply, the Defendants have failed to make any meaningful showing that patent law issues are more than incidentally implicated by Plaintiff's complaint. Accordingly, the *Christianson* test for determining federal jurisdiction has not been satisfied.

Defendants' reliance on *Bell & Beckwith v. United States of America, Internal Revenue Service,* 766 F.2d 910 (6th Cir. 1985), to support its assertion of federal jurisdiction is misplaced. Defendants cite the following language from *Bell & Beckwith:*

Nevertheless, federal question jurisdiction exists in those cases in which the plaintiff's claim, though itself not raising a federal question, asserts a defense to a claim that would raise a federal question and that the defendant could have asserted in a coercive action. The prototypical action in which this principle is invoked is a patent case in which a supposed infringer seeks a declaratory judgement

that he has not interfered with the rights of the patentee.... If the supposed infringer had not sought anticipatory relief, the patentee could have sued to enjoin infringement. Because the infringer's suit merely anticipates a coercive action by the patentee and the patentee's action would have arisen under the patent laws, the anticipatory action by the infringer likewise "arises under" federal law.

*Id.* at 912–13 (citations omitted). Defendants argue that the cited language provides a basis for this court to assert jurisdiction in the instant case.

What the Defendants fail to realize, however, is that the cases cited by the Sixth Circuit in *Bell and Beckwith* were all brought by plaintiffs seeking a declaration of patent invalidity or non-infringement. Plaintiff seeks no such declaration in the instant case, and accordingly, the reasoning of *Bell & Beckwith* is not applicable.

 Finally, the Defendants argue that this court must find jurisdiction because its patent and trademark claims are mandatory counterclaims under Ohio Rule of Civil Procedure 13(A). Numerous courts, however, have held that a proper application of the *Franchise Tax Board* well-pleaded complaint rule leads to the conclusion that "[r]emovability cannot be created by defendant pleading a counter-claim presenting a federal question...." *Takeda v. Northwestern Nat. Life Ins. Co.,* 765 F.2d 815, 822 (9th Cir.1985) (internal quotation marks and citations omitted). *See also Boone v. DuBose,* 718 F.Supp. 479, 486 (M.D.La. 1988); *Ident Corp. of America v. Wendt,* 638 F.Supp. 116, 117 (E.D.Mo.1986); 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3722, at 255–60 & n. 40 (collecting other cases).

Due to the absence of subject matter jurisdiction, therefore, this case must be remanded to the state court in which it was initially brought.

## B. AWARD OF COSTS AND FEES

Section 1447(c) provides the court with discretion as to the payment of costs and

attorney's fees. The court finds no basis to award either in this case.

Accordingly, Plaintiff's motion to remand the instant matter is GRANTED, and the case is ordered REMANDED to the Summit County Court of Common Pleas. In addition, Plaintiff's motion for an award of costs and attorney's fees is DENIED.

IT IS SO ORDERED.