**Thomas G. MILES and Ida L. Miles, Plaintiffs,**

v.

**STATE OF GEORGIA DEPARTMENT OF REVENUE, Marcus E. Collins, Commissioner, Defendant.**

**No. CV 491–249.**

United States District Court, S.D. Georgia, Savannah Division.

Aug. 14, 1992.

Alvin G. Wells, Jr., Hinesville, Ga., for plaintiffs.

David A. Runnion, Atlanta, Ga., for defendant.

## ORDER AND MEMORANDUM

NANGLE, District Judge.

The defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment is currently before this Court. For the reasons described below, defendant's motion

will be treated as a Motion to Dismiss, and as such will be granted.

FACTS

Plaintiffs purchased two food stores in 1986, unaware of the previous owner's sales and use tax delinquencies of $36,-593.27. During the sale, plaintiffs failed to comply with O.C.G.A. § 48-8-46 (Supp. 1991). That statute directs purchasers to withhold purchase money to cover unpaid taxes until the Commissioner of the Department of Revenue issues a receipt indicating that taxes have been paid or that no taxes are due. It further provides that failure to withhold purchase money may result in personal liability for taxes owed by the former owner.

When defendant assessed plaintiffs for the delinquent taxes owed by the former owner, plaintiffs filed two appeals against defendant in the Superior Court of Bryan County, Georgia. After consolidating the appeals, that Court granted defendant's Motion for Summary Judgment. Plaintiffs attempted to appeal to the Georgia Supreme Court, but failed to follow the correct procedure. They did not file a Petition for Writ of Certiorari with the United States Supreme Court.

DISCUSSION

The Eleventh Amendment[1] bars suit in federal court against a state or state official. *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). To determine whether the Georgia Department of Revenue is a state entity, this Court must consider the department's function and character, the degree of control exercised by the state over the department, and the fiscal autonomy of the department. *Robinson v. Georgia Dep't of Transp.*, 966 F.2d 637 (11th Cir.1992). If the immunity provided by Eleventh Amendment applies to

the defendant, its motion to dismiss must be granted.

State law evidences that the defendant is an "arm of the State" qualified for immunity from suit. The legislature distinguishes between state and local tax collection efforts; the commissioner may "supervise all tax administration throughout the state, subject to the sovereign rights of the counties to regulate their own affairs." O.C.G.A. § 48-2-7(a)(2). This distinction is critical since Eleventh Amendment immunity does not extend to counties or municipal corporations. *Mt. Healthy*, 429 U.S. at 280, 97 S.Ct. at 573-73. Additionally, the commissioner is described as the "chief revenue official of the state," and is empowered to act in the name of and on behalf of the state in tax proceedings. O.C.G.A. §§ 48-2-7(a)(5), 48-2-9.

The degree of control exercised by the state over the Department of Revenue also indicates that it is a state entity entitled to Eleventh Amendment immunity. Georgia law describes the Department of Revenue as follows:

... Except as otherwise expressly provided for by law, the department shall administer and enforce the revenue laws of this state and such other laws as may be specifically assigned by law to the department or to the commissioner ...

O.C.G.A. § 48-2-1 (1982). It has no authority to promulgate revenue laws; the State determines appropriate laws and directs the department to enforce them. *See Glustrom v. State*, 206 Ga. 734, 58 S.E.2d 534 (1950) (the Department of Revenue can have only the administrative or policing powers conferred upon it by the State).

In addition to these factors, the defendant depends upon the State for its funds. It does not issue bonds or raise revenue by any other matter. *See Robinson*, 966 F.2d at 639. Any recovery by the plaintiffs

---

1. The Eleventh Amendment to the United States Constitution provides that

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one or the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. In *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, the Supreme Court extended the amendment's application to bar suits against a state by one of its own citizens.

would be paid from states funds, which would violate the Eleventh Amendment's purpose of protecting the sovereignty of the state. *Fouche v. Jekyll Island–State Park Auth.,* 713 F.2d 1518 (11th Cir.1983). These considerations indicate that the defendant is entitled to Eleventh Amendment immunity.

■ Eleventh Amendment immunity applies unless it has been waived by state or federal action. *Robinson,* 966 F.2d at 640, *citing Will v. Michigan Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Neither governing body has waived in this case. First, the Georgia constitution provides that "[s]overeign immunity extends to the state and all of its departments and agencies ... No waiver of sovereign immunity shall be construed as a waiver of any immunity provided by the state or its departments and agencies by the United States Constitution." Ga. Const. Art. I, § 2, ¶ 9. Additionally, filing a § 1983 claim does not waive Eleventh Amendment protection. *See Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). The Eleventh Amendment immunity provided to defendant remains intact.

Since the Eleventh Amendment provides ample support for the defendant's Motion to Dismiss, this Court will not reach the other possibly meritorious grounds advanced by defendant in that motion. Accordingly,

IT IS HEREBY ORDERED that defendant's Motion to Dismiss be and is granted.