Thomas G. **MILES** and Ida
L. **Miles**, Plaintiffs,

v.

**STATE of GEORGIA DEPARTMENT
OF REVENUE, Marcus E. Collins,
Commissioner, Defendant.**

No. CV 491–249.

United States District Court,
S.D. Georgia,
Savannah Division.

Sept. 22, 1992.

See also 797 F.Supp. 987.

Alvin G. Wells, Jr., Hinesville, Ga., for plaintiffs.

David A. Runnion, Atlanta, Ga., for defendant.

### ORDER AND MEMORANDUM

NANGLE, Senior District Judge.

Defendant's Motion for Sanctions under Rule 11 is currently before this Court. For the reasons described below, this Court will impose a sanction of $3,500.00 on plaintiffs' counsel of record.

### FACTS

Plaintiffs have previously litigated the constitutionality of O.C.G.A. § 48–8–46 in the Superior Court of Bryan County, Georgia. In an order dated May 10, 1989, that Court granted defendant's Motion for Summary Judgment and expressly rejected plaintiffs' constitutional claims. The Georgia Supreme Court dismissed the appeal and denied the motion for reconsideration filed by the plaintiffs. *See Miles v. Collins,* 259 Ga. 536, 384 S.E.2d 630 (1989). The plaintiffs did not file a petition for writ of certiorari with the Supreme Court of the United States.

Plaintiffs filed the above-captioned suit in this Court on October 11, 1991, and again challenged O.C.G.A. § 48–8–46. The Georgia Department of Revenue, a state agency, was named as defendant in both state and federal actions. Counsel for the defendant sent the plaintiffs' attorney two letters advising him that defendant would seek Rule 11 sanctions if he did not dismiss the case. Defendant informed plaintiffs that it would not file either its Motion to Dismiss, or in the Alternative, for Summary Judgment or its Motion for Sanctions until plaintiffs received and studied the letters. Despite these warnings, plaintiffs did not respond in any manner. Defendant incurred costs and fees totalling $7,285.83.

This Court granted defendant's Motion to Dismiss on the ground that the defendant is an arm of the state protected under the Eleventh Amendment from suit in federal court. *Miles v. State of Georgia Department of Revenue,* 797 F.Supp. 987 (S.D.Ga.1992). The Court noted the existence of other possibly meritorious defenses but did not rule upon them since the Eleventh Amendment disposed of the case. *Id.* at 988.

### DISCUSSION

Rule 11 provides in pertinent part as follows:

... The signature of any attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief *formed after reasonable inquiry* it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation ... If a pleading,

motion, or other paper is signed in violation of this rule, the court, upon motion ... shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party ... the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Fed.R.Civ.P. 11 (emphasis added). "[T]he central purpose of Rule 11 is to deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990). *See also Donaldson v. Clark,* 819 F.2d 1551, 1556 (11th Cir.1987) (Rule 11 sanctions were designed to "discourage dilatory or abusive practices and help to streamline the litigation process by lessening frivolous claims or defenses.").

1. *The reasonableness of the factual and legal inquiries*

 The affirmative duty imposed by the rule requires some prefiling inquiry into both the facts and law of the contemplated litigation. Fed.R.Civ.P. 11 advisory committee note. The reasonableness of the factual inquiry depends upon factors such as the amount of time available for investigation, the source of the facts underlying the pleading or motion, and the complexity of the facts. *Pelletier v. Zweifel,* 921 F.2d 1465 (11th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 167, 116 L.Ed.2d 131 (1991). With regard to legal issues, the Court may consider the complexity of the legal issues and the plausibility of the argument. *Id.* at 1514. Ultimately, "if the attorney/party did not make a 'reasonable inquiry,' then the Court *must* impose sanctions—despite the attorney/party's good faith belief that the claims were sound." *Id.* (emphasis added).

 Plaintiffs waited approximately two and one-half years after the order issued in the Superior Court of Bryan County to file suit in this Court. Plaintiffs' counsel had ample time to discover any additional facts present in plaintiffs' case and to thoroughly research all legal issues. The complaint does not indicate that any new facts arose during the time between the resolution of the suit in Georgia state courts and the filing of this action in the United States District Court. The fact remains that O.C.G.A. § 48–8–46 establishes a method by which successive owners may protect themselves from taxes owed by the former owner, and that the plaintiffs did not follow the clearly defined statutory procedure to avoid personal liability. Thus, there was no change in the facts surrounding plaintiffs' claim which would warrant relitigation in federal court.

Particularly troubling in this case is the utter failure of the plaintiffs' counsel to research constitutional issues. To counter the Eleventh Amendment bar asserted in defendant's Motion to Dismiss, plaintiffs' *entire* response read as follows:

> Defendant alleges that this action is barred by the Eleventh (11th) Amendment to the United States Constitution and sets forth the text of that Amendment.
>
> Thomas G. Miles and Ida Miles are citizens of the State of Georgia and the current action is brought by Thomas G. Miles and Ida Miles against the State of Georgia. Thomas G. Miles and Ida Miles are not citizens of another State or subjects of any foreign State. Accordingly, the plain language of the Eleventh (11th) Amendment does not include the action now before this Court.

*Plaintiffs' Brief in Opposition to Defendant's Motion to Dismiss,* p. 8, ¶ B. Plaintiffs completely ignore the fact that "th[e Supreme] Court has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974) (listing decisions to this effect ranging from 1890 to 1973). Although plaintiffs' counsel was correct in his statement that the Eleventh Amendment *on its face* does not bar plaintiffs' suit, minimal research would have revealed the extension of the Eleventh Amendment by the Supreme Court of the United States. Since plaintiffs' attorney failed to make a reason-

able inquiry into the fairly straightforward and well-established legal issues surrounding this case, Rule 11 sanctions are appropriate. *See Cobb County v. Butler,* 682 F.Supp. 50, 52 (N.D.Ga.1988) (where defendants attempted to remove on a federal defense, "[i]f defendants' attorneys had conducted the prefiling inquiry required by Rule 11, they would have arrived at the conclusion ... that since 1887 ... federal courts have not had original jurisdiction over actions such as this one.").

### 2. *A needless increase in the cost of litigation*

Defendant sent two letters to plaintiffs' attorney asking him to dismiss the suit or to defend against a motion for sanctions. In the November 8, 1991, letter, the assistant attorney general stated that his belief that the suit was frivolous, and gave the plaintiffs ten days to dismiss their action. The second letter, dated February 27, 1992, asked the plaintiffs' attorney to discuss possible Rule 11 sanctions with his clients, and referred counsel to the Answer and certain interrogatories filed by defendant. The defendant warned plaintiffs that it would file for sanctions unless the suit was dismissed by March 11, 1992. Plaintiffs' counsel failed to respond to the letters, and did not dismiss the action.

■ Even failing an adequate prefiling inquiry into the legal and factual issues involved in the current action, plaintiffs' attorney had almost four months between the receipt of the first and second letters in which to investigate the strength of defendant's arguments. In the responsive pleadings cited by defendant in its letters, defendant clearly explained the law on which it planned to rely. Even if plaintiffs' counsel believed at the time of filing that this suit had bases in fact and law, investigation of the asserted defenses would have revealed the futility of suit in federal court. Since "[c]ounsel [has] a continuing obligation to reevaluate [his] position as the case develops," an attorney must take proper steps to ensure that the proceedings do not continue after discovering that a good faith basis no longer exists. *Lee v. Criterion Ins. Co.,* 659 F.Supp. 813, 821 (S.D.Ga.1987).

Investigation of the letters' contents would have notified plaintiffs' counsel that a good faith basis for this suit did not exist. He should have taken proper steps before or by March 11, 1992, to voluntarily dismiss this action pursuant to Fed.R.Civ.P. 41. Failure to do so by this date resulted in a needless increase in the cost of litigation. *See* Fed.R.Civ.P. 11.

### 3. *The appropriate sanction*

By filing and maintaining this action, plaintiffs' attorney exhibited all three types of conduct that warrant Rule 11 sanctions. *See Pelletier,* 921 F.2d at 1514. First, the Complaint lacked a reasonable basis in fact since no new facts in the action arose after the order issued by the Bryan County Superior Court. Secondly, the Complaint was not based on a legal theory warranted by existing law since plaintiffs' counsel failed to adequately research issues of immunity under the Eleventh Amendment. Finally, all pleadings filed after March 11, 1992, constituted an unnecessary increase in the expenses of litigation; if plaintiffs' attorney had researched the contents of defendant's letters, he would have realized that plaintiffs could not maintain the current action in federal court.

■ The selection of the appropriate sanction lies in the District Court's "sound exercise of discretion." *Mike Ousley Productions, Inc. v. WJBF–TV,* 952 F.2d 380, 383 (11th Cir.1992). Although costs and attorney's fees are the most commonly imposed sanctions, a monetary sanction is a "particularly reasonable use of a court's discretion." *Id.* Additionally, the sanctions may be imposed solely against the attorney responsible for the frivolous action, especially where the attorney, not the client, breached the duty of reasonable inquiry. *Id.* Accordingly,

IT IS HEREBY ORDERED that Alvin G. Wells, counsel of record for plaintiffs, pay a monetary sanction of $3,500.00 to defendant within thirty (30) days of this Order.