Teresa G. SUSSMAN, f/k/a Teresa M. Gaffney, Plaintiff,

v.

SALEM, SAXON, and NIELSEN, P.A., et al., Defendants.

No. 91–776–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

Jan. 25, 1994.

Anthony F. Gonzalez, Law Office of Anthony F. Gonzalez, Tampa, FL, and Neil Harvey Chonin, Chonin & Sher, P.A., Coral Gables, FL, for plaintiff.

Thomas M. Gonzalez and Mark A. Hanley, Thompson, Sizemore & Gonzalez, Tampa, FL, for defendants.

### ORDER

KOVACHEVICH, District Judge.

THIS CAUSE comes on consideration of the following affidavits and responses thereto:

1. Defendants' Notice of Filing Claim for Attorneys' Fees and Costs Pursuant to Court Order of April 13, 1993, filed on April 23, 1993. (Docket No. 134).

2. Affidavit of Attorneys' Fees and Costs, filed on April 23, 1993. (Docket No. 135).

3. Affidavit of Attorneys' Fees and Costs, filed on April 23, 1993. (Docket No. 136).

4. Plaintiff's Response to Defendants' Notice of Filing Claim for Attorneys' Fees and Costs Pursuant to Court Order of April 13, 1993, filed on April 28, 1993. (Docket No. 140).

5. Defendants' Notice of Filing Supplemental Affidavit for Attorneys' Fees Pursuant to Court Order of July 19, 1993, filed on August 2, 1993. (Docket No. 159).

6. Supplemental Affidavit of Jacqueline M. Spoto, filed on August 2, 1993. (Docket No. 160).

7. Affidavit of John M. Breckenridge, filed on August 2, 1993. (Docket No. 161).

8. Affidavit of Reasonable Attorney Fees from Peter Murnaghan, filed on August 2, 1993. (Docket No. 162).

9. Supplemental Affidavit of Attorneys' Fees and Costs from Mark A. Hanley, filed on August 2, 1993. (Docket No. 163).

10. Plaintiff's Response to Supplemental Affidavits of Attorneys' Fees and Costs of Mark A. Hanley, Esquire and Jacqueline M. Spoto, Esquire, filed on August 9, 1993. (Docket No. 164).

### STATEMENT OF FACTS

Plaintiff alleges that certain actions of Defendants subjected Plaintiff to a hostile working environment and discrimination on account of her pregnancy, steadily increasing in intensity and culminating in her discharge. Plaintiff further alleges that the conduct of the Defendants was done with malice or with reckless indifference to her federally protected rights. Plaintiff also alleges that as a result of Defendants' discriminatory actions and termination, she suffered the loss of salary and fringe benefits. Plaintiff brought a civil rights suit alleging constructive discharge resulting from disparate treatment which violated the Pregnancy Discrimination Act.

### RELEVANT PROCEDURAL HISTORY

On June 21, 1991, Plaintiff, TERESA SUSSMAN, filed a Complaint through which she alleged a violation of Title VII of the Civil Rights Act of 1964, as amended, and codified as 42 U.S.C. § 2000e to 2000e–17

(1982). ("Complaint" Docket No. 1). Violations of the Pregnancy Discrimination Act, codified as 42 U.S.C. § 2000e(k), § 2000e(a) (1982) and the Florida Human Rights Act of 1977, Chapter 760, FLA.STAT., recently amended by the Florida Civil Rights Act of 1992 (ch. 92–177, Laws of Florida), were also alleged by the Plaintiff. *Id.* The Defendants, as noted in the original Complaint, were SALEM, SAXON AND NIELSEN, P.A.; SS & N ASSOCIATES, INC.; SS & N FINANCIAL SERVICES; RICHARD J. SALEM; BERNICE S. SAXON; RICHARD A. NIELSEN; DAVID J. TONG; CONSTANCE J. McCAUGHEY, JOANNE A. ELLISON; AND CHARLOTTE BARONE.

As eventually ordered by this Court, Defendants SS & N FINANCIAL SERVICES, SS & N ASSOCIATES, DAVID J. TONG, CONSTANCE J. McCAUGHEY, JOANNE A. ELLISON, AND CHARLOTTE BARONE were dismissed following a Stipulation of Dismissal, agreed by both parties, and filed pursuant to Rule 41(a)(1), FED. R.CIV.P. (Docket No. 18). The Stipulation of Dismissal reserved Defendants' rights to move for attorney fees and costs. Subsequently, current and former Defendants filed a Motion to Award Sanctions (Docket No. 121) pursuant to Rule 11 FED.R.CIV.P. solely against the Plaintiff. On April 13, 1993, this Court ordered the award of Rule 11 sanctions to the Defendants. [*Sussman v. Salem, Saxon & Nielsen, P.A.*, 818 F.Supp. 1510 (M.D.Fla.1993); (Docket No. 131)].

Subsequent to the Court Order of April 13, 1993, Defendants issued a Notice of Filing Claim for Attorneys' Fees and Costs (Docket No. 134) and Affidavit of Attorneys' Fees and Costs (Docket No. 135, 136). Defendants stated that a fair and equitable way of distributing fees and expenses could be derived by deducting 40% of the representing firm's time and expenses since four (4) of the ten (10) original Defendants remain in the action. In response, Plaintiff asserted that "Defendants are entitled to no money with regard to the Court Order" on the grounds that: 1) Defendants never alleged that it took extra time to represent the six (6) additional Defendants and 2) Defendants drafted their own Motion to Award Sanctions, which was signed by their attorney. (Docket No. 140).

On April 23, 1993, Plaintiff filed a Motion for Rehearing of Order on Defendants' Motion to Award Sanctions (Docket No. 137). This Court, on July 20, 1993, denied Plaintiff's request for rehearing and reaffirmed its previous conclusion that the Plaintiff was properly assigned responsibility for false statements made in the original Complaint. (Docket No. 155).

Furthermore, this Court ordered the Defendants to resubmit, within ten (10) days, affidavits accounting and reassessing all costs, fees, and expenses associated with the Rule 11 sanctions sought against the Plaintiff. (Docket No. 155). This Court noted the need for a determination of a reasonable hourly rate and hours of service on the part of the Defendants. The Court, additionally, expressed concern with the intermingling of fees and costs for the initial Defendants with the remaining Defendants. As ordered, sanctions were to be reassessed and limited to those costs, reasonable attorney fees, and reasonable expenses incurred up until March 27, 1992, when the Court ordered the dismissal of this action as to the former Defendants. (Docket No. 18). Defendants' reassessment was to include all costs, reasonable attorney fees, and reasonable expenses in preparation and filing of Motion to Award Sanctions filed February 18, 1993 (Docket No. 121) and Defendants' Reply to Plaintiff's Motion for Rehearing of Order on Defendants' Motion for Sanctions (Docket No. 142).

Subsequently, Defendants filed Defendants' Notice of Filing Supplemental Affidavit for Attorneys' Fees Pursuant to Court Order of July 19, 1993 (Docket No. 159); Supplemental Affidavit of Jacqueline M. Spoto (Docket No. 160); Affidavit of John M. Breckenridge (Docket No. 161); Affidavit of Reasonable Attorney Fees from Peter Murnaghan (Docket No. 162); and Supplemental Affidavit of Attorneys' Fees and Costs from Mark A. Hanley (Docket No. 163). Plaintiff filed a Response to Supplemental Affidavits of Attorneys' Fees and Costs of Mark A. Hanley, Esquire and Jacqueline M. Spoto, Esquire. (Docket No. 164). Plaintiff challenges: 1) the overbilling on sanctions or-

dered on October 19, 1992 (Docket No. 78) and January 29, 1993 (Docket No. 112) and 2) Defendants' reasonableness and candor in submitting Jacqueline M. Spoto's Supplemental Affidavit. In light of the procedural history and submitted documents, this Court considers the various affidavits and responses.

## ANALYSIS

■ Rule 11 sanctions are designed to discourage dilatory or abusive tactics and to help streamline the litigation process lessening frivolous claims or defenses. *Donaldson v. Clark,* 819 F.2d 1551, 1556 (11th Cir.1987). Such sanctions are imposed for the purpose of deterrence, compensation, and punishment. *Aetna Ins. Co. v. Meeker,* 953 F.2d 1328, 1334 (11th Cir.1992). A judge shall, or must, impose sanctions for a violation. *Collins v. Walden,* 834 F.2d 961, 964 (11th Cir. 1987). The selection of the type of sanction imposed lies within the district court's exercise of sound discretion. *Donaldson,* 819 F.2d at 1557. Monetary sanctions are normally limited to reasonable attorney's fees and expenses. *Mike Ousley Productions, Inc. v. WJBF–TV,* 952 F.2d 380, 383 (11th Cir.1992).

■ Accordingly, the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1933). The plain language of Rule 11 requires that the court independently analyze the reasonableness of the requested fees and expenses. *Doering v. Union County Bd. of Chosen Freeholders,* 857 F.2d 191, 195 (3d Cir.1988).

■ Using the objective lodestar approach, there must be a determination of a reasonable hourly rate. *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1292 (11th Cir.1988). In accessing a reasonable hourly rate, there must be a correlation between the fees requested under the sanctions and the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. *Id.* at 1299. The applicant bears the burden of producing satisfactory evidence that the fees requested reflect the prevailing market rate. *NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir.1987). Consequently, courts need to review supporting material that goes beyond the affidavit of the attorney performing the work. See *Norman,* 836 F.2d at 1299 (citing *Blum v. Stenson,* 465 U.S. at 896 n. 11, 104 S.Ct. at 1547 n. 11). Satisfactory evidence must reflect rates billed and paid in similar lawsuits. *Norman,* 836 F.2d 1292, 1299 (11th Cir.1988).

As noted by this Court's Order on July 19, 1993, an affidavit was submitted by Mark A. Hanley of the firm Thompson, Sizemore & Gonzalez, P.A. attesting to the hourly rate that was charged to the clients in the original Complaint. (Docket No. 136). Additionally, Jacqueline M. Spoto stated, through her own affidavit, her hourly rate and computation of charges. (Docket No. 135). However, neither affidavit expressly noted that the rates in this specific case are those billed and paid in similar lawsuits.

Upon submission of the Defendants' Notice of Filing Supplemental Affidavit (Docket No. 159), Mark A. Hanley provided this Court with a more detailed Supplemental Affidavit (Docket No. 163) and supporting Affidavits of Reasonable Attorney's Fees by Peter Murnaghan (Docket No. 162) and John M. Breckenridge, Jr. (Docket No. 161). Both supporting affidavits indicate that Mr. Hanley and Mr. Thomas M. Gonzalez's rates are reasonable and the fees allocated are customarily charged in the locality for similar legal services. Specifically, John M. Breckenridge, Jr. noted that an hourly rate of $150.00 for the experience levels of Mark A. Hanley and Thomas M. Gonzalez as labor counsel is "commensurate with the hourly rates prevailing in the Hillsborough legal community and around the state." (Docket No. 161, p. 2).

For the purpose of considering the fees and costs associated with the Rule 11 sanction against the Plaintiff, this Court has before it Mr. Hanley's affidavit "charging the Defendants $100.00 per hour." (Docket No. 163, p. 1). The supporting supplemental affidavits now provide this Court with satisfactory evidence that Mr. Mark Hanley's rate of

$100.00 per hour is actually below the hourly rate billed and paid in similar lawsuits and is reasonable.

Furthermore, this Court is satisfied that Mr. Hanley has been able to itemize fees and costs for work which benefitted the six (6) Defendants who were dismissed from this action. Total fees and costs in the Defendants' original affidavit were $16,199.79 which was reduced by 40% (reflecting the four (4) remaining Defendants) for a total of $9,719.87 for 91.6 hours. Upon reassessment, Defendants' Supplemental Affidavit realistically reflects 12.80 hours of service for the six (6) dismissed Defendants, for a total of fees and costs of $1,280.00. (Docket No. 163).

■ The Court would remind all parties concerned that Rule 11 sanctions are not to be taken lightly. This includes the proper submission of affidavits and the assessment of fees and costs by the prevailing Rule 11 party. In the issue at bar, counsel should be reminded that this Court recognizes Rule 11's objectives, which include: (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management. See American Bar Association, Standards and Guidelines for Practice under Rule 11 of the Federal Rules of Civil Procedure (1988), reprinted in 5 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* 212, 235–36 (Supp.1989); *Donaldson*, 819 F.2d 1551, 1554 (11th Cir.1987). This Court notes that case management has not been facilitated in this particular instance by the earlier submission of inadequate affidavits.

In Florida, attorneys are able to raise and lower their fees according to the agreement outlined and agreed upon by their respective clients. Under 4–1.5(c) of the Rules Regulating the Florida Bar, it is noted that:

> "In determining a reasonable fee, the time devoted to the representation and customary rate of fee need not be the sole or controlling factors. All factors set forth in this rule should be considered, and may be applied, in justification of a fee higher or lower than that which would result from

application of only the time and rate factors."

Rule 4–1.5(b)(1)–(8) notes further considerations such as time and labor involved, preclusion of other employment, the fee customarily charged in the locality for similar legal services, the significance of the subject matter under representation, the time limitations, the nature and length of the professional relationship with the client, experience and ability of the attorney, and whether the fee is fixed or contingent. See Rules Regulating the Florida Bar.

■ District Courts are allowed to use discretion in reducing attorney's fees from the lodestar amount when addressing successful and unsuccessful claims on a particular case. See *Hensley*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Specifically, the court may reduce the lodestar amount if it believes that the amount is excessive in relation to the plaintiff's relief. *Popham v. City of Kennesaw*, 820 F.2d 1570, 1578–79 (11th Cir.1987). However, the lodestar amount cannot be reduced once the court finds that its components were reasonable. *Resolution Trust Corporation v. Hallmark Builders, Inc.*, 996 F.2d 1144 (11th Cir.1993).

■ In the case at bar, Plaintiff contends that she should be credited for an overbilling of $50.00 per hour for 13.50 hours for two past sanctions. In support, Plaintiff notes that Mr. Hanley's November 2, 1992, Affidavit of Attorney's Fees (Docket No. 79), in response to this Court's Order of October 19, 1992 (Docket No. 78), accessed his fees at $150.00 per hour for 3.70 total hours. Further, Plaintiff states Mr. Hanley's February 8, 1993, Affidavit of Attorney's Fees (Docket No. 117), in response to Court Order of January 29, 1993 (Docket No. 112), identifies his hourly fee at $150.00 per hour for 9.80 total hours.

The Plaintiff asserts that she is entitled to credit for overbilling in past sanctions and affidavits, but does not provide this Court with any substantial caselaw which would support such a contention. Repeatedly, Plaintiff has come dangerously close to incurring sanctions, has been sanctioned by this Court for a Rule 11 violation (Docket No. 131), and by Magistrate Judge Charles R.

Wilson for failure to comply with discovery. (Docket No. 78). In all, the court has found it necessary to consider four (4) motions to compel filed on behalf of the Defendants. (Docket Nos. 24 and 50, 72 and 78, 81 and 112, 83 and 112). Defendants need not remind this Court that Plaintiff is an attorney. As such, Plaintiff "is familiar or should be familiar with the requirements of Rule 11." *Bonfiglio v. Nugent,* 986 F.2d 1391 (11th Cir.1993).

This Court recognizes the right of an attorney, in appropriate circumstances, to adjust fees in an upward or downward fashion. As such, Plaintiff is not entitled to be credited, or have the lodestar adjusted, for what she perceives to be overbilling. This Court finds Mr. Hanley's fees and costs at $100.00 per hour to be reasonable and not excessive. Moreover, Plaintiff was offered an opportunity to respond to Mr. Hanley's November 2, 1992, and February 8, 1993, affidavits and did not question the reasonableness of his hourly rate in those specific instances. In this particular instance, since Plaintiff has "no problem with actual hours claimed by Mr. Hanley," she should have no problem paying Mr. Hanley $1,280.00 for his reasonable fees incurred during this Rule 11 odyssey.

■ Under *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), a district court may reduce the award of attorney's fees and costs when the documentation of hours is inadequate. Moreover, the district court should exclude from consideration, of the initial fee, the calculation of hours not reasonably expended. *Id.* at 433, 103 S.Ct. at 1939 (citing S.Rep. No. 94–1011, p. 6 (1976)). Hours that are not "properly billed to one's client also are not properly billed to one's adversary." *Copeland v. Marshall,* 205 U.S.App.D.C. 390, 401, 641 F.2d 880, 891 (1980) (en banc).

■ This Court's Order of July 19, 1993, focused on the reasonableness of Jacqueline M. Spoto's Affidavit of Attorneys' Fees. Ms. Spoto chose to ignore the Court's concerns and resubmitted virtually the same affidavit which was questioned originally. (Docket Nos. 135, 160). Neither the original affidavit or the supplemental affidavit reflect a 40% reduction for her work on the Rule 11 motion which benefitted the four (4) remaining Defendants. As noted in *Gutierrez v. City of Hialeah,* 729 F.Supp. 1329, 1335 (S.D.Fla.1990), any work which benefitted the remaining Defendants should not be considered in any award of attorney fees and costs. Ms. Spoto failed to comply with this Court's Order.

Once again, this Court questions the amount of time spent in preparing only one motion and supporting legal memorandum. Forty-one percent (41%) more time was spent by Ms. Spoto, for one motion and memorandum, than spent by Mr. Hanley and Mr. Gonzalez since the beginning of this action two years ago. Mr. Peter Murnaghan's Affidavit of Reasonable Attorney's Fees notes that he reviewed Ms. Spoto's Supplemental Affidavit and other related material. Mr. Murnaghan generally concluded that "the reasonable value of those services in matters of this nature ... is $2250–2500." (Docket No. 162). Yet, Ms. Spoto expects this· Court to find it reasonable that her fees and costs, alone, are accessed at $3,599.50.

Moreover, Ms. Spoto does not provide any Supplemental Affidavits which adequately notes that her hourly fee is a reflection of the prevailing market rate. As previously noted, the applicant bears the burden of producing satisfactory evidence that the fees requested are reasonable and reflect rates billed and paid in similar instances.

Lastly, one would question whether Ms. Spoto's hours, for one motion and memorandum, would have been billed to her clients, in this instance her employers and Defendants before this Court, SALEM, SAXON and NIELSEN, P.A. The use of the Defendants' law firm for the preparation of the Rule 11 sanction was the choice of the Defendants.

Accordingly, it is **ORDERED:**

(1) that Defendants are **AWARDED** their reasonable expenses including attorney's fees and costs as reaccessed by Mr. Mark A. Hanley, incurred in connection with the Rule 11 sanctions ordered by this Court on April 13, 1993, to the extent that within thirty (30) days of the date of this Order, Plaintiff shall pay to Defendants the sum of $1,289.00;

(2) that Defendants are **DENIED** their attorney's fees and costs as assessed by Ms. Jacqueline M. Spoto.